IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action 14-cv-01211-WJM-MJW

PRISCILLA P. HAMILTON,

Plaintiff,

v.

FARMER INSURANCE GROUP, and
BARTHOLOMEW O. BAAH,

Defendants.

---

## REPORT & RECOMMENDATION
### on

## DEFENDANT'S MOTION TO DISMISS
### (Docket No. 16)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This is a car-accident case.  Plaintiff alleges that on April 30, 2011 she was hit by

a car driven by Defendant Baah and insured by Defendant Farmers Insurance Group.

Defendants have moved to dismiss, based on: (1) the statute of limitations, as to both

Defendants; and (2) Plaintiff's failure either to sue an entity capable of being sued or to

state a claim, as to Defendant Farmers Insurance Group.  (Docket No. 16.)  District

Judge William J. Martinez referred the motion to the undersigned.  (Docket No. 18.)

The Court has considered the parties' filings (Docket Nos. 16, 22, 26, & 27),

taken judicial notice of the court's file on this case, and considered the relevant Federal

Rules of Civil Procedure, statutes, and case law.  The Court now being fully informed

makes the following findings of fact, conclusions of law, and recommendations.

2

### Statute of Limitations

The parties agree that a three-year statute of limitations applies.  The Complaint was filed on April 29, 2014, two days before the limitations period expired.  Defendants' initial motion incorrectly argued that the Complaint was filed on May 28, 2014—the date Plaintiff's *amended* complaint (Docket No. 7) was filed.  Upon realizing their error, Defendants updated their argument as follows:

> Defendant was served with a Complaint dated and filed on May 28, 2014, nearly one month after the Statute of Limitations expired.  Defendant acknowledges that pursuant to a subsequent review of the documents on file with the Court, and pursuant to Plaintiff's representation, there is record of a Complaint being filed on April 29, 2014.  However, it is Defendants' position that the Complaint with which it was served should govern.  Plaintiff has not provided any explanation regarding her subsequent filing and has not alleged that it relates back to a prior one.

(Docket No. 27, p.2.)

Although Defendants cite no legal authority for their argument, the question is controlled by Rule 15 of the Federal Rules of Civil Procedure, which provides:

> **(1) *When an Amendment Relates Back***. An amendment to a pleading relates back to the date of the original pleading when:
>
> > . . .
> >
> > (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading . . . .

Fed. R. Civ. Pro. 15(c).

The Amended Complaint asserts the same claims against the same Defendants, arising out of the same car accident, as the original Complaint.  This satisfies Rule 15(c)(1)(B).  Accordingly, the Amended Complaint relates back to the date of the original complaint, and Plaintiff's claim is timely.

3

## **Suing the Wrong Party**

Defendant makes two arguments for dismissing Defendant Farmers Insurance Group as a defendant in this action: (1) "Farmers Insurance Group" is not a legal entity capable of being sued and is not Defendant Baah's insurance company; (2) there are no allegations in the Amended Complaint that might state a claim against Defendant Farmers Insurance Group.

Defendant's second argument is correct.[1]  Plaintiff's claim is against Defendant Baah.  Defendant Baah's insurance has contractual duties to *him*, including a duty to defend him and to pay any claims falling within the scope of his policy; should his insurance company fail to meet its obligations, he can implead it into this case or bring a separate bad-faith action.  But Plaintiff has no claim of her own against Defendant Baah's insurance company.  *Webb v. Brandon Exp., Inc.*, Case No. 09-cv-00792-WYD-BNB, 2009 WL 5210120 (D. Colo. Dec. 23, 2009).  The Court recommends that the motion to dismiss be GRANTED as to Defendant Farmers Insurance Group.

## **Recommendation**

For the foregoing reasons, the undersigned RECOMMENDS that Defendants' Motion to Dismiss (Docket No. 16) be DENIED IN PART, as to Defendant Baah, but GRANTED IN PART, as to Defendant Farmers Insurance Group.

---

[1] Were it relevant, the first argument would be premature, especially in light of Plaintiff's *pro se* status.  Under this Court's precedent, Plaintiff should be given a chance to amend her pleading and effect service upon the appropriate entity.  *See Knutson v. Walker Group, Inc.*, 343 F. Supp. 2d 971 (D. Colo. 2004); *Barrett v. Qual-Med, Inc.*, 153 F.R.D. 653 (D. Colo. 1994).  Because Plaintiff's claim fails for other reasons, though, this opportunity to amend would be futile.

4

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:	October 29, 2014	        */s/ Michael J. Watanabe*
	Denver, Colorado	        Michael J. Watanabe
	                        	        United States Magistrate Judge