IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action 14-cv-01211-WJM-MJW

PRISCILLA P. HAMILTON,

Plaintiff,

v.

BARTHOLOMEW O. BAAH,

Defendant.

---

**REPORT & RECOMMENDATION ON DEFENDANT BARTHOLOMEW O. BAAH'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH ORDER OF THE COURT (Docket No. 41)**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This is a car-accident case. Plaintiff alleges that on April 30, 2011 she was hit by a car driven by Defendant Baah. Plaintiff appears pro se in this action; Farmers Insurance Group is providing a defense for Mr. Baah. On May 29, 2015, Defendant moved to dismiss for lack of prosecution, and District Judge William J. Martinez referred the motion to the undersigned. (Docket Nos. 41, 42.) Plaintiff filed a response (Docket Nos. 43, 45); the Court ordered Plaintiff to provide certain discovery and disclosure materials by a date certain, and set a hearing on the motion (Docket No. 44); and that hearing was held on July 30, 2015 (Docket No. 49).

The Court has considered the foregoing, taken judicial notice of the Court's entire file on this case, and considered the relevant Federal Rules of Civil Procedure, statutes, and case law. Now being fully informed, the Court makes the following findings of fact, conclusions of law, and recommendation that the motion be denied.

2

## **Findings of Fact**

The Court finds:

1. The Scheduling Order in this case (Docket No. 25) sets the following relevant deadlines:

    a. Rule 16(a)(1) initial disclosures: September 19, 2014;

    b. Disclosure of expert witnesses: January 16, 2015 (plaintiff's affirmative experts); February 20, 2015 (defendant's affirmative experts); and March 13, 2015 (all rebuttal experts);

    c. Service of written discovery: March 16, 2015;

    d. Discovery cut-off: April 17, 2015; and

    e. Dispositive motion deadline: May 22, 2015.

2. Defendant has been represented by four different attorneys at various points in this litigation. (Docket Nos. 16, 19, 38, 47.)

3. Defendant made timely initial disclosures on September 18, 2014. Plaintiff did not make any timely initial disclosures.

4. Defendants served timely requests for written discovery on September 29, 2014.

5. Counsel for Defendant contacted Plaintiff on October 14 and 15, 2014, to discuss Plaintiff's overdue initial disclosures and Plaintiff's forthcoming discovery requests. Plaintiff informed Defendant that Plaintiff's mother had recently passed away; the parties agreed that Plaintiff could have until the end of October to provide initial disclosures and discovery responses.

6. The parties did not contact each other again until January 28, 2014, at which point Defendant informed Plaintiff that her discovery responses and initial disclosures were long overdue.

7. Defendant filed no motions and made no other efforts to compel Plaintiff to provide information.

8. On May 15, 2015, counsel for Defendant conferred with Plaintiff about Defendant's motion to dismiss for lack of prosecution. On May 29, 2015— two weeks later, and the week *after* the deadline for dispositive motions— Defendant filed the motion to dismiss for lack of prosecution.

9. Counsel for Defendant has not made any representation to the Court that Defendant has designated any expert witnesses. Based on the limited contact between the parties between January and May 2015, the Court infers and finds that Defendant has not designated any expert witnesses.

10. Defendant filed no motion for summary judgment under Rule 56.

11. On June 22, 2015, the Court issued an order (Docket No. 44):

   a. Setting a motion hearing for July 30, 2015;

   b. Setting a July 27, 2015, deadline for the submission of documentary evidence for that hearing;

   c. Compelling Plaintiff to serve initial disclosures and discovery responses on or before July 15, 2015;

   d. Advising Plaintiff that her delay was not justifiable and that she risked dismissal if she did not cure her neglect; and

      e.      Advising Defendant that his own efforts were either negligent or represented intolerable procedural gamesmanship against a pro se litigant.

12. Neither Plaintiff nor Defendant (the moving party) submitted any documentary evidence by July 27, 2015, for purposes of the July 30, 2015, motion hearing.

13. Plaintiff served documents on Defendant on July 15, 2015, and on July 30, 2015. At the motion hearing on July 30, 2015, following a cursory review, counsel for Defendant accepted these documents as acceptable initial disclosures and, although incomplete, responsive to Defendant's discovery requests.

14. The motion hearing set for July 30, 2015, coincided with the Final Pretrial Conference set for that same day. Neither Plaintiff nor Defendant tendered a proposed Final Pretrial Order.

## **Legal Standards**

Courts in the Tenth Circuit apply the *Ehrenhaus* factors when considering dismissal under Rule 41(b) or under Rule 37. *See, e.g.*, *Quarrie v. New Mexico Inst. of Min. & Tech.*, ___ F. App'x ___, 2015 WL 4478205, at *5 (10th Cir. July 23, 2015) (applying *Ehrenhaus* factors to Rule 41(b) order). Those factors come from *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), which teaches:

> At the outset, we recognize that dismissal represents an extreme sanction appropriate only in cases of willful misconduct. In many cases, a lesser sanction will deter the errant party from further misconduct. Because dismissal with prejudice defeats altogether a litigant's right to

access to the courts, it should be used as a weapon of last, rather than first, resort.

The district court's discretion to choose a sanction is limited in that the chosen sanction must be both just and related to the particular claim which was at issue in the order to provide discovery. Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.

These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction. The court should ordinarily evaluate these factors on the record.

*Id.* at 920–21 (internal citations, quotation marks, and alterations omitted). Further, "[p]articularly in cases in which a party appears pro se, the court should carefully assess whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Id.* at 920 n.3.

## **Discussion**

Applying the *Ehrenhaus* factors to the foregoing facts, the Court concludes that dismissal is not appropriate.

*Degree of actual prejudice to the defendant.* This factor clearly weighs in Defendant's favor.

*Interference with the judicial process.* At the moment, this factor appears neutral. It would appear that this case is on track for an exceedingly short trial, with a very limited number of pretrial motions.

6

*The culpability of the litigant.*  Certainly, Plaintiff is at fault for her lack of participation in this case.  Further, as counsel for Defendant phrased it at the hearing, Defendant is not required to "cajole" Plaintiff into prosecuting her case or "hold her hand."  But Defendant has caused a great deal of prejudice to his own case—by not timely moving to compel initial disclosures or discovery, by not moving for an independent medical examination, by not designating an expert witness, and by not moving for summary judgment.  Plaintiff has ignored this case.  But so too has Defendant—and for purposes of this motion, it is Defendant with the burden of persuasion.  This factor weighs against dismissal.

*Prior warnings of dismissal.*  The Court warned Plaintiff on June 22, 2015, of her risk of dismissal.  She has since complied with the Court's orders.  This factor weighs against dismissal.

*Efficacy of lesser sanctions.*  Defendant has not proposed any alternative lesser sanction.  The Court does not doubt that such sanctions would have been effective, and this factor therefore weighs against dismissal.  At this point, moreover, the Court does not see the need for any lesser sanctions, either.

## **Conclusion**

The Court concludes that dismissal is unwarranted.

In the future, before making the strategic decision to watch deadlines pass by, counsel for Defendant should remember that courts have a "strong predisposition to resolve cases on their merits."  *Ehrenhaus*, 965 F.2d at 921.  A timely motion for summary judgment, reflecting a good-faith effort to develop the facts of the case, would

have been a considerably better strategic choice. Moreover, although pro se litigants must follow the rules of procedure, there is no excuse for experienced counsel taking advantage of a pro se opponent's lack of sophistication.

## Recommendation

It is RECOMMENDED that Defendant Bartholomew O. Baah's Motion To Dismiss For Failure To Prosecute And Failure To Comply With Order Of The Court (Docket No. 41) be DENIED.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:      July 30, 2015              /s/ Michael J. Watanabe
            Denver, Colorado           Michael J. Watanabe
                                       United States Magistrate Judge